386 F.2d 649
 In the Matter of Straus-Duparquet, Inc., Debtor.
STRAUS-DUPARQUET, INC., Appellant,
v.
LOCAL UNION NO. 3 INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS, A F OF L, CIO, Appellee.
 No. 115, Docket 31154.
 United States Court of Appeals Second Circuit.
 Argued Oct. 18, 1967.
Decided Dec. 19, 1967.
 
 James D. Glass and Salvatore A. Adorno, New York City, (Krause, Hirsch & Gross, New York City, on the brief), for appellant.
 Norman Rothfeld, New York City, (Harold Stern, New York City, on the brief), for appellee.
 Before WATERMAN, MOORE and HAYS, Circuit Judges.
 HAYS, Circuit Judge:
 
 
 1
 This is an appeal from an order of the district court affirming an order of the referee in bankruptcy allowing certain claims of employees for vacation pay and severance pay as expenses fo administration under Section 64a(1) of the Bankruptcy Act, 11 U.S.C. 104(a)(1). As to the claims for severance pay, we affirm the order of the district court, and we modify that order as to the claims for vacation pay.
 
 
 2
 The facts are very simple and are not controverted.[1] The claimants, who are represented in collective bargaining by the appellee union, were employed by the debtor for some time prior to March 15, 1965, when the debtor filed a petition for an arrangement under Chapter XI of the Bankruptcy Act. On April 16 and 23, 1965, during the Chapter XI proceeding, the debtor-in-possession discharged the claimants. The union filed a claim in their behalf for vacation pay and severance pay under the collective bargaining agreement between the union and the debtor.
 
 
 3
 The relevant provisions of the collective agreement read as follows:
 
 
 4
 'Vacations'
 
 
 5
 'Rule 3. The following vacation schedule shall be observed:
 
 
 6
 'After 12 months employment 2 weeks vacation with pay. For those employed fifteen (15) years or more * * * 3 weeks vacation with pay.
 
 
 7
 Should any of the paid holidays occur during the employee's vacation, the employee shall be paid for same or the extra day shall be added to the employee's vacation.
 
 
 8
 Vacation shall be mandatory. Employees shall be allowed consecutive weeks vacation. The foregoing to be taken at the convenience of the Employer.'
 
 
 9
 'Severance'
 
 
 10
 'Rule 25. Severance Pay: To those employees who have been in the employ of the company one (1) year but under three (3) years, one (1) week's severance pay. To those over three (3) years, two (2) weeks' severance pay, provided, however, they were discharged through no fault of their own. Employees shall be paid at the time of separation.'
 
 
 11
 There is no doubt that the employees have valid claims nor is there any dispute as to the correctness of the amounts for which the claims were filed. The only issue is whether the claims are entitled to priority under Section 64a(1) of the Bankruptcy Act, 11 U.S.C 104(a)(1), as expenses of administration of the bankrupt. The referee held that the claims were entitled to such priority and his order was affirmed by the district court.
 
 
 12
 We hold that the total of the claimed vacation pay is not properly classified as an expense of administration. Vacation pay is generally regarded as earned from day to day over the period of a year intervening between vacations.[2] L. O. Koven & Brother, Inc. v. Local Union No. 5767, 381 F.2d 196 (3d Cir. 1967); In the Matter of Ad Service Engraving Co., 338 F.2d 41 (6th Cir. 1964); United States v. Munro-Van Helms Co., 243 F.2d 10 (5th Cir. 1957); Division of Labor Law Enforcement, etc. v. Sampsell, 172 F.2d 400 (9th Cir. 1949); Kavanas v. Mead, 171 F.2d 195, 6 A.L.R.2d 645 (4th Cir. 1948); In re Public Ledger, Inc., 161 F.2d 762 (3d Cir. 1947). That this rule is not merely a fiction applied exclusively to bankruptcy proceedings is indicated by cases and arbitration awards in which employees whose employment has been terminated before their vacations were due have been held to be entitled to vacation pay 'accrued' to the date of termination. See Leon v. Detroit Harvester Co., 363 Mich. 366, 109 N.W.2d 804 (1961); Textile Workers Union, etc v. Brookside Mills, Inc., 203 Tenn. 71, 309 S.W.2d 371 (1957); Livestock Feeds, Inc. v. Local Union No. 1634, 221 Miss. 492, 73 So.2d 128 (1954); Hampton Corporation and Boot and Shoe Workers Union, 39 L.A. 177 (Davis, 1962); Foster Refrigerator Corporation and International Union of Electrical, Radio and Machine Workers, 39 L.A. 241 (Altieri, 1962); Brookford Mills and Textile Workers Union, 28 L.A. 839 (Jaffee, 1957).
 
 
 13
 Under this theory claimants are entitled to priority for vacation pay as an expense of administration only to the extent of the proportionate part of total vacation pay earned during the period from the beginning of the bankruptcy administration to the date of termination of employment. Of course claimants are entitled to priority under Section 64a(2) for wages earned during the three months preceding bankruptcy to the extent of three-twelfths of total vacation pay. The remainder of their vacation pay is merely a general claim entitled to no priority.
 
 
 14
 Severance pay was properly held to be an expense of administration. Severance pay is not earned from day to day and does not 'accrue' so that a proportionate part is payable under any circumstances. After the period of eligibility is served, the full severance pay is due whenever termination of employment occurs. Severance pay is
 
 
 15
 'a form of compensation for the termination of the employment relation, for reasons other than the displaced. employees' misconduct, primarily to alleviate the consequent need for economic readjustment but also to recompense him hor certain losses attributable to the dismissal.'
 
 
 16
 Adams v. Jersey Central Power & Light Company, 21 N.J. 8, 13-14, 120 A.2d 737, 740 (1956).
 
 
 17
 Since severance pay is compensation for termination of employment and since the employment of these claimants was terminated as an incident of the administration of the bankrupt's estate, severance pay was an expense of administration and is entitled to priority as such an expense.
 
 
 18
 The judgment of the district court is affirmed except for the modification we have indicated as to vacation pay. The case is remanded to the district court for the purpose of recomputing the vacation pay as to which claimants are entitled to priority.
 
 WATERMAN, Circuit Judge (concurring):
 
 19
 I concur in the affirmance of the order of the district court relative to the claims for severance pay. Though I also concur in the remand order for the purpose of having the claims for vacation pay recomputed consistent with a theory that, at least as to the narrow issue actually involved here, that of adjudicating upon employee claims in bankruptcy, vacation pay may be thought of as having been earned from day to day, as to this disposition I concur in the result only.
 
 
 
 [1]
 Before the referee appellant advanced the contention that some of the employees voluntarily left their employment and therefore were not entitled to severance pay. The referee ruled against the appellant on this contention and it was apparently not pressed in the district court and has not been raised here
 
 
 [2]
 Examination of the collective bargaining agreement reveals no basis for upholding the union's contention that the vacation pay for 1965 was earned during calendar year 1964