**In the Matter of UNISHOPS, INC., Debtor.**

No. 73 B 1208.

United States District Court,
S. D. New York.

Aug. 2, 1976.

Levin & Weintraub, by Elias Mann, and Daniel A. Zimmerman, New York City, for debtor.

Aranow, Brodsky, Bohlinger, Benetar & Einhorn, by George Natanson, New York City, for claimant.

GRIESA, District Judge.

This is an appeal from an order of Bankruptcy Judge Babitt allowing the $100,000 claim of Jerome Zelin as an expense of administration of the debtor in possession in a Chapter XI proceeding. The effect of this order is to give this claim priority under 11 U.S.C. § 104(a)(1), and to permit payment of the claim in full. The debtor in possession concedes the amount of the claim, but contends that it should be treated as a general claim. It appears that, as a general claim, payment of less than 50% would be made.

The order of the Bankruptcy Judge is reversed. I hold that Zelin's claim is not entitled to priority.

## I.

The source of the claim in question is a letter agreement dated March 19, 1973, between the debtor, Unishops, Inc., and Zelin. The agreement provided for severance pay in the event that Zelin's employment as "Chief Operating Officer" of Unishops should cease. It was agreed that, in the event Zelin's employment terminated for any reason other than death or voluntary resignation, Unishops would pay Zelin $50,000 per year for a period of two years, or a total of $100,000. It should be noted that this agreement did not deal with any subject relating to Zelin's employment other than severance pay.

On November 30, 1973 Unishops filed a Chapter XI petition in this court. After the filing, Unishops, as debtor in possession, continued Zelin in its employ. On December 5, 1973 an application was made to Judge Babitt for approval of officers' compensation pursuant to Bankruptcy Rule XI–3 of this court. This rule provides:

"Rule XI–3—Compensation to Debtor

"No compensation shall be paid to the debtor, if an individual, or to the members of a copartnership, if a copartnership, or to an officer, stockholder or di-

rector of a corporation, if a corporation, from the time of the filing of the petition until confirmation of the arrangement unless a prior order of the court shall have been obtained approving the employment and fixing the compensation." Among the materials submitted on the application was a description of Zelin as Vice Chairman of the Board and Chief Operating Officer, and the duties performed by him. Approval was requested for payment of Zelin's salary in the amount of $100,000 per year. No request was made for approval of any severance pay. On December 7, 1973 Judge Babitt entered an order approving officers' salaries, including the $100,000 per year for Zelin. It appears that this was Zelin's salary prior to the filing of the Chapter XI petition. There was no reference in the order to severance pay.

On or about July 16, 1974 the debtor in possession discharged Zelin. This resulted in Zelin's claim for $100,000 severance pay pursuant to the letter agreement of March 19, 1973.

## II.

Judge Babitt, in holding that the $100,000 termination benefit should be classified as an administration expense, relied upon *Straus-Duparquet, Inc. v. Local Union No. 3*, 386 F.2d 649 (2d Cir. 1967). In that case, certain employees were discharged by a debtor in possession shortly after the filing of the Chapter XI petition. A union collective bargaining agreement, entered into prior to the filing of the Chapter XI petition, provided for severance pay. The Court of Appeals held that the severance pay was an administration expense, stating (386 F.2d at 651):

"Since severance pay is compensation for termination of employment and since the employment of these claimants was terminated as an incident of the administration of the bankrupt's estate, severance pay was an expense of administration and is entitled to priority as such an expense."

Judge Babitt also held that Local Rule XI–3 did not require court approval of Ze-

lin's severance pay, because such pay was not "compensation" within the meaning of that rule.

## III.

The relevant definition of debts entitled to priority is contained in 11 U.S.C. § 104(a)(1) as follows:

"§ 104. Debts which have priority

"(A) The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be (1) the costs and expenses of administration, including the actual and necessary costs and expenses of preserving the estate subsequent to filing the petition; . . ."

Where a debtor has an executory contract dealing with compensation of employees, and where that contract *continues in effect* after the commencement of Chapter XI proceedings, compensation due for services performed during such proceedings is considered an expense of administration within the meaning of the statute. Where such a contract continues in effect, and provides for severance pay, and where discharge of employees occurs during the pendency of Chapter XI proceedings, severance pay is considered an administration expense. *Straus-Duparquet, Inc. v. Local Union No. 3*, 386 F.2d 649 (2d Cir. 1967).

However, an executory contract, made by a debtor prior to the filing of a Chapter XI proceeding, does not automatically continue in effect during the Chapter XI proceeding. The debtor in possession is considered a new juridical entity. *Brotherhood of Railway, etc. v. REA Express, Inc.*, 523 F.2d 164, 170 (2d Cir. 1975), *cert. denied*, 423 U.S. 1017, 96 S.Ct. 451, 46 L.Ed.2d 388 (1975), 423 U.S. 1073, 96 S.Ct. 855, 47 L.Ed.2d 82 (1976). There is a procedure for moving for formal rejection of executory contracts. 11 U.S.C. § 713(1). The language of the Second Circuit opinions is to the effect that a debtor in possession is not bound by a pre-existing executory contract unless it is "assumed" either expressly or

impliedly. *Brotherhood of Railway, etc. v. REA Express, Inc., supra* at 170; *Shopmen's Local etc. v. Kevin Steel Products, Inc.*, 519 F.2d 698, 704 (2d Cir. 1975).

■ The Southern District of New York has a specific rule which, in effect, establishes the procedure for determining whether executory contracts for the compensation of officers of a debtor corporation will continue in effect during a Chapter XI proceeding. This is local Bankruptcy Rule XI–3, quoted earlier in this opinion. This rule provides that, in a Chapter XI proceeding, no compensation shall be paid to an officer of a corporation following the filing of the petition unless a specific court order approves the employment and fixes the compensation. The necessary effect of this rule is that no executory contracts regarding officers' compensation are binding on the debtor in possession unless they are specifically approved by the court.

The question on the present appeal is whether the March 19, 1973 agreement regarding Zelin's severance pay was an agreement dealing with compensation, thus requiring court approval under Rule XI–3. Judge Babitt held that the March 19, 1973 agreement did not deal with compensation, stating that "severance pay is not compensation for employment but for the termination of employment; severance pay is not wages, but damages."

■ I am constrained to disagree with Judge Babitt's interpretation of Rule XI–3. This rule refers to officers' compensation *in general*, and clearly covers severance pay, whether such pay is thought to be compensation for employment or, in the words of the Second Circuit in the *Straus-Duparquet* case, "compensation for termination of employment." Severance pay was unquestionably intended to be a form of compensation for Zelin as an officer of Unishops.

Moreover, as a matter of policy, the same degree of court scrutiny under Rule XI–3 should be given to officers' severance pay as to any other form of officers' compensation. There are the same dangers in either case that the officers of a corporation will arrange payments for themselves which unfairly prejudice the rights of general creditors.

*Conclusion*

The decision and order of Bankruptcy Judge Babitt allowing Zelin's claim for severance pay as an administrative expense are reversed.

So ordered.