**In the Matter of UNISHOPS, INC., Debtor.**

**Jerome ZELIN, Claimant-Appellant,**

**v.**

**UNISHOPS, INC., Debtor-Appellee.**

**No. 528, Docket 76–5028.**

United States Court of Appeals, Second Circuit.

Argued Feb. 16, 1977.

Decided April 19, 1977.

Rehearing Denied May 31, 1977.

George Natanson, New York City (Natanson, Reich & Barrison, New York City, on the brief), for claimant-appellant.

Daniel A. Zimmerman, New York City (Elias Mann and Levin & Weintraub, New York City, on the brief), for debtor-appellee.

Before MEDINA, ANDERSON and TIMBERS, Circuit Judges.

MEDINA, Circuit Judge:

Jerome Zelin appeals from a judgment in the Southern District of New York by Judge Thomas P. Griesa reversing an order of Bankruptcy Judge Roy Babitt which had allowed Zelin's claim for $100,000 as an expense of administration of Unishops, Inc., a debtor in possession in a Chapter XI arrangement proceeding, thereby giving the claim first priority under Section 64(a)(1) of the Bankruptcy Act, 11 U.S.C. Section 104(a)(1), and permitting payment of the claim in full. The District Court held that Zelin's claim is not entitled to priority. 417 F.Supp. 405 (S.D.N.Y.1976).

The claim in issue arises from the following letter agreement entered into by Unishops and Zelin on March 19, 1973:

Dear Mr. Zelin:

We refer to the discussions with you concerning the payment to be made to

you by Unishops, Inc. (the "Company") in the event of the termination of your employment with the Company under the circumstances referred to in the following paragraph.

In this regard and in consideration of your agreeing to continue at this time as Chief Operating Officer, we confirm that, if your employment with the Company is terminated at any time for any reason other than

(a) your death, or

(b) your voluntary resignation,

the Company will pay to you, on a monthly basis commencing on the first day of the month following the month in which such termination occurs, $50,000 a year for a period of two years, aggregating $100,000. * * *

If you should voluntarily resign, either because of a diminution or material change in the character of your duties as Chief Operating Officer or a diminution of your responsibilities or salary, or because the location at which your services are to be rendered is changed to a location outside of the New York metropolitan area, such resignation shall not be deemed to be a voluntary resignation for the purpose of this agreement with the consequence that you will, under such circumstances, be entitled to the payments provided for hereunder.

  *   *   *   *   *   *

Very truly yours,
Unishops, Inc.

At the time of this agreement, Zelin had been employed for some eleven years as the principal executive officer of Unishops and owned about one-half of 1% of its shares. This was the first such written agreement between the parties.

On November 30, 1973, Unishops filed a petition for an arrangement under Chapter XI of the Bankruptcy Act and became debtor in possession. Zelin was continued in its employ. On December 7, 1973, the District Court entered an order, pursuant to Southern and Eastern Districts Local Bankruptcy Rule XI–3, approving Zelin's continued employment and fixing his compensation at $100,000 per year, payable in monthly instalments. This employment was continued until July 16, 1974, eight months after the Chapter XI filing, when the debtor in possession discharged Zelin.

Zelin thereupon filed his claim for $100,000, asserting that he was entitled to payment in full as a first priority expense of administration. Bankruptcy Act Section 64(a)(1), 11 U.S.C. Section 104(a)(1). Unishops, while not disputing the amount of the claim, opposed granting the claim priority status, insisting instead that it was merely a general unsecured claim entitled to the same proportionate payment to be given other general claims in the plan of arrangement.

The Bankruptcy Judge held that the $100,000 severance pay was an expense of administration and hence entitled to payment in full, citing this court's decision in *Straus-Duparquet, Inc. v. Local Union No. 3,* 386 F.2d 649 (2d Cir. 1967). He also held that Local Bankruptcy Rule XI–3 was not intended to cover severance pay and, therefore, the failure of the court to approve the March 19th letter agreement had no effect on the debtor's obligation to pay.

On appeal, the District Court held that the Local Rule "refers to officers' compensation *in general,* and clearly covers severance pay" (emphasis in original). Because there had been no court approval of the March 19th agreement, the District Court held that it had been rejected, and Zelin was relegated to the status of a general unsecured creditor. 417 F.Supp. at 408.

The two opinions below and the briefs of counsel explore a number of contentions and lines of authority, but we feel that the matter can be much more simply determined. This was an executory contract, *In re Forney,* 299 F.2d 503, 507 (7th Cir. 1962), in all respects valid and supported by a proper consideration. Had a dismissal or resignation occurred prior to the filing of the petition, Zelin's claim for the payment of $100,000 would have been the claim of a general creditor. Had his employment continued until after the conclusion of the

Chapter XI proceeding, Zelin would, we assume, have been entitled to be paid the $100,000 in full.

A debtor in possession under Chapter XI may disaffirm or reject an executory agreement only in accordance with the statutory procedures. As stated in the leading treatise,

> The failure to assume affirmatively an executory contract does not result at any time in a rejection of the contract. Whether the debtor is in possession, or whether there is a receiver or trustee, the contract can be rejected only by affirmative action under § 313(1) and Chapter XI Rule 11–53 or § 357(2). Unless so rejected, the contract continues in effect.

8 Collier on Bankruptcy ¶ 3.15[6] (14th ed. rev. 1975). *See also* Countryman, *Executory Contracts in Bankruptcy: Part II,* 58 Minn.L.Rev. 479, 486 (1974). No attempt was made by this debtor to disaffirm its executory contract with Zelin.

We are concerned here with whether or not the claim arising from Unishops' breach of this executory contract, which occurred after it filed for an arrangement, is entitled to priority as an expense of administration. It is settled law that a claim arising under an executory contract is entitled to priority "if the trustee or debtor in possession elects to assume the contract or if he receives benefits under it." *American Anthracite and Bituminous Coal Corp. v. Leonardo Arrivabene, S.A.,* 280 F.2d 119, 124 (2d Cir. 1960); *In re Mammoth Mart, Inc.,* 536 F.2d 950, 954 (1st Cir. 1976). As Zelin continued in Unishops' employ for some time after it entered Chapter XI, we believe the debtor received benefits under the executory contract and, hence, the claimant is entitled to priority.[1]

1. The cases involving severance pay under collective bargaining contracts, such as *Straus-Duparquet, Inc. v. Local Union No. 3, supra,* 386 F.2d 649 (2d Cir. 1967), correctly define severance pay as compensation for termination of employment and hence usually an expense of administration, but they are not determinative of the issue before us.

2. Southern and Eastern Districts Local Bankruptcy Rule XI–3 provides, in pertinent part:

As noted above, the District Court reasoned that Local Bankruptcy Rule XI–3, set out in the margin,[2] required that court approval be obtained for the March 19th letter agreement. Since there was no such approval, the District Court reversed the Bankruptcy Judge and held that the letter agreement had thereby been rejected and Zelin's claim reduced to a general unsecured claim.

We believe, however, as did the Bankruptcy Judge, that the provision for the payment of $100,000 in the agreement before us is not in any sense compensation for services rendered or to be rendered, and we have concluded that the District Court erred in interpreting Local Rule XI–3 to the effect that it "refers to officers' compensation *in general,* and clearly covers severance pay, whether such pay is thought to be compensation for employment or * * * 'compensation for termination of employment.'" 417 F.Supp. at 408 (emphasis in original). The intention of the rule is simply that there shall be no compensation paid to an officer of the debtor corporation during the Chapter XI proceeding unless court approval for the employment and the compensation is obtained. Thus, in this case, Zelin's compensation as an executive officer of the company was fixed by order of the court on December 7, 1973. While nothing was done at that time with respect to the letter agreement, no action in connection with Local Rule XI–3 was called for, since the agreement, not dealing with compensation for employment, was not within the scope of the rule.

Moreover, the interpretation given to this local rule by the District Court conflicts with the governing statute, Section 64 of

> No compensation shall be paid to the debtor, if an individual, * * * or to an officer, stockholder or director of a corporation, if a corporation, from the time of the filing of the petition until confirmation of the arrangement unless a prior order of the court shall have been obtained approving the employment and fixing the compensation.

the Bankruptcy Act, and the decisions in this Circuit holding that an executory contract is binding on the debtor in possession if it receives benefits under it.

In summary, we hold that the letter agreement of March 19, 1973, remained in effect and was a priority claim because the debtor in possession had received the benefit thereof by Zelin's continued service as executive officer after Unishops filed for Chapter XI.

The decision of the District Court is reversed, with costs.