PER CURIAM:
We affirmed by our memorandum order entered January 3, 1980 the judgment of the district court in this case. The National Labor Relations Board thereafter requested that we publish our decision. In accordance with our practice in appropriate cases of publishing previously unpublished decisions or orders of this Court, Braunstein v. Eastern Photographic Laboratories, Inc., 600 F.2d 335 (2 Cir.) (per curiam), cert. denied, 441 U.S. 944 (1979); Continental Stock Transfer and Trust Co. v. SEC, 566 F.2d 373, 374 n.l (2 Cir. 1977) (per curiam), we now publish the following opinion in the instant case which incorporates in substance our memorandum order of January 3, 1980.
This appeal arises from the severance pay claims of more than 32,000 former employees of W. T. Grant Co., which, having filed *321 a Chapter XI petition for an arrangement on October 2,1975, was adjudicated a bankrupt on April 13,1976. We find the disposi-tive questions on appeal to be (1) whether Grant, as debtor-in-possession, rejected the executory contracts of its employees, and (2) whether the severance pay claims arising from those contracts are entitled to first priority as costs and expenses of administration.
We answer the first question in the negative. Under “the decisions in this Circuit ... an executory contract is binding on the debtor in possession if it receives benefits under it.” In re Unishops, Inc., 553 F.2d 305, 309 (2 Cir. 1977) (Medina, J.). Here, Grant received benefits under the contracts by permitting the workers to continue in its employ after it entered Chapter XI. As the district court stated, Grant secured “the services of an experienced Grant personnel during the Chapter XI proceeding. Apparently, had Grant been forced to terminate all its employees upon entering Chapter XI and therefore recruit a new work force, even its short-lived Chapter XI attempt would have been virtually impossible.” 474 F.Supp. at 793.
The Trustee argues that Grant rejected the executory contracts by posting notices in its stores that it was discontinuing the severance pay benefits. We agree with the bankruptcy and district courts, however, that only a formal rejection pursuant to § 313(1) of the Bankruptcy Act, 11 U.S.C. § 713(1) (1976), is sufficient to disaffirm an executory contract. In re Uni-shops, Inc., supra, 553 F.2d at 308.
Turning to the second question before us, we reaffirm and adhere to our decision in Straus-Duparquet, Inc. v. Local Union No. 3 International Brotherhood of Electrical Workers, 386 F.2d 649 (2 Cir. 1967), and hold that the entire portion of the employees’ severance pay claims is entitled to first priority as costs and expenses of administration.
The Trustee argues that severance claims should be given priority only to the extent benefits were conferred upon Grant during the aborted Chapter XI proceeding. He further argues that severance pay, like wages, is earned from day to day, and that the amount of severance pay increases as the employee’s tenure increases. The Trustee therefore asserts that the only portion of the severance pay claims that conferred a benefit upon Grant during the Chapter XI proceeding is that which accrued subsequent to the filing of the Chapter XI petition. Only this portion of the severance claims, the Trustee urges, is entitled to priority.
As the courts below recognized, Straus-Duparquet forecloses this argument. There we held that severance pay is not earned from day to day and unlike wages does not accrue. Appellants attempt to distinguish Straus-Duparquet on the ground that there the Chapter XI proceeding was successful and that only a small portion of the work force was released. Nowhere in Straus-Du-parquet did we expressly or inferentially predicate our holding on those facts. Instead, our decision turned on our definition of severance pay as compensation for termination, as opposed to a form of wages that accrues from day to day.
Finally, in the alternative, appellants urge that, if Straus-Duparquet is fatal to their claim, we should overrule that decision since other courts have declined to follow it. In re Mammoth Mart, Inc., 536 F.2d 950 (1 Cir. 1976); In re Diamond Reo Trucks, Inc., No. 74-1788 B 5 (W.D.Mich. June 19, 1979). Our Court, however, repeatedly has followed Straus-Duparquet. E. g., In re Unishops, Inc., supra. In our opinion the rationale of Straus-Duparquet — that severance pay is compensation — is sound. We decline appellants’ invitation to overrule Straus-Duparquet, which remains the law of this Circuit.
Affirmed.