**414**

In the Matter of CENTENNIAL INDUS-
TRIES, INC., d/b/a Biddle Purchasing
Company, R. K. Carter & Co., Derrick
Leonard & Co., Kanowitz, Farese & Co.,
Cam International, Harben Company,
Gotham Druggists' Supply, Auto Parts &
Gear, Jabro Auto Parts & Warehouse,
and Atlantic Can Co., Debtor.

Bankruptcy No. 78 B 1658.

United States Bankruptcy Court,
S. D. New York.

Feb. 26, 1980.

See also Bkrtcy., 3 B.R. 416.

## MEMORANDUM AND ORDER

JOHN J. GALGAY, Bankruptcy Judge.

The question presented to this Court is whether two former employee claimants of a Chapter XI debtor may assert Chapter XI priority status for claims arising from a Court ordered rejection of the employees' labor agreements with the Chapter XI debtor. This Court holds that Chapter XI priority status may not attach to such claims, except to the extent of any unpaid wages and vacation pay earned during the Chapter XI, which the claimants allege aggregate approximately $3000.

Centennial Industries, Inc., ("Centennial") and Gotham Druggists' Supply ("Gotham") are related corporate Chapter XI debtors in possession under Chapter XI of the Bankruptcy Act. In June of 1977, prior to the filing of the petitions under Chapter XI, Centennial entered into employment agreements with the claimants, Alfred Gould and Alfred's son, Gunther. Under

the employment agreements, Centennial employed Alfred as president of Gotham and Gunther in a non-executive capacity for a period ending December 31, 1982. While the agreements included various provisions involving fringe benefits, including an annual salary of in excess of $50,000 to Alfred and an annual salary of in excess of $20,000 to Gunther, they did not contain any severance pay provisions in the event of the termination of the claimants' employment.

The claimants continued in their employment after a Chapter XI petition was filed for Centennial on September 18, 1978. Indeed, pursuant to Local Bankruptcy Rule XI–3, this Court authorized the employment of a number of executive personnel, including claimant Alfred Gould. Claimant Gunther was not employed in an executive position and no order was obtained for his continued employment.

When it appeared that certain operations of the debtors were to be discontinued in an attempt to rehabilitate the debtors, Centennial terminated the claimants' employment and sought, by order to show cause, to reject the executory employment agreements with the claimants and others. On December 22, 1978 and with the claimants' consent, this Court authorized the rejection of the claimants' employment agreements.

The claimants filed claims asserting Chapter XI priority status, which aggregate the sum of $443,202.88. These claims include unpaid wages, vacation pay, pension and other benefits under the agreements as well as items for damages which are alleged will be incurred in the future for the period of the agreements up till December 31, 1982. The claimants do not calculate, in mitigation of their claims, the possibility of alternate employment for this period. These claims are objected to by Centennial.

■ It is clear that under the Bankruptcy Act,* a debtor's court approved rejection of an executory agreement under Section 313 of the Bankruptcy Act constitutes a breach of such agreement retroac-

tive to the filing of the petition. Section 63(b) of the Bankruptcy Act, (formerly 11 U.S.C. § 103); *American A & B Coal Corp. v. Leonardo Arrivabene*, 280 F.2d 119 (2d Cir. 1960). It is undisputed that the agreements in question were rejected by Court order. Consequently, claims for damages arising from the breach of contract are pre-Chapter XI claims, to the extent that the damages in such claims may be established. *American A & B*, supra.

■ Clearly these claims may not be given the status of priority claims as a valid and necessary business expense of this Chapter XI debtor, as would be the case for actual wages and vacation pay earned during the Chapter XI. See *Reading Co. v. Brown*, 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751, 1968; *Straus-Duparquet, Inc. v. Local Union No. 3*, 386 F.2d 649 (2d Cir. 1967). The claimants are only entitled to the reasonable value of the tangible benefits which they provided to the debtors. See *In re Mammoth Mart*, 536 F.2d 950 (1st Cir. 1967). The claimants wages for the period of their employment during the Chapter XI is the measure used to determine the reasonable value of their services. See *In re United Cigar Stores*, 69 F.2d 513 (2d Cir.), cert. denied *Reisenwebers, Inc. v. Irving Trust Co.*, 293 U.S. 566, 55 S.Ct. 76, 79 L.Ed. 665 (1934).

■ Clearly claimants' position is illogical; they seek the result that would follow if their agreements had been affirmed by the debtors, instead of being rejected.

For these reasons, the claimants' reliance in *In re Unishops*, 553 F.2d 305 (2d Cir. 1977) is misplaced. The Court, in following prior decisions in this circuit, held that severance pay claims are entitled to Chapter XI priority. The claimant's claims do not contain severance pay claims and thus the decision is irrelevant to that extent. Moreover, the Court there stated:

"claim arising under an executory contract is entitled to priority 'if the trustee

---

* Since the Chapter XI petitions in this case have been filed prior to October 1, 1979, the applicable law is the Bankruptcy Act and not the New Bankruptcy Code. See Bankruptcy Reform Act of 1978, § 403.

or debtor in possession elects to assume the contract or if he reaps benefits under it' ". 553 F.2d 305, 308.

The debtor here reaped the benefits of the claimants' services for a limited time. The claimants were entitled to a Chapter XI priority for their wages for that time and for nothing else. This Court will not allow these claimants a special priority over other creditors for their general pre-Chapter XI claims.

The record is unclear on a number of issues concerning the amount of the damages suffered by the claimants and whether the claimants were paid during the Chapter XI period. We leave for a later date the precise calculation of the amounts which the claimants may be entitled to prove as pre-Chapter XI claims, and the amounts due claimants for wages and vacation pay which were earned by the claimants during the Chapter XI and are therefore entitled to Chapter XI priority.

So Ordered.