### In re HOSPITAL NUESTRA SEÑORA DE GUADALUPE, INC., Debtor.

#### Civ. No. 82–0172(PG).

United States District Court,
D. Puerto Rico.

May 18, 1982.

---

Gilberto Mayo Aguayo, Woods, Woods, Cancio & Mayo, Santurce, P.R., for appellant Dr. E. Stella.

Souffront & Souffront, San Juan, P.R., for operating receiver, appellee Gloria Campos Ayala.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

A motion to dismiss the appeal was filed by the Operating Receiver in this case. Said motion is grounded on the untimely filing of appellant's brief in this Court.

Pursuant to Rule 11 of the First Circuit Rules Governing Appeals from Bankruptcy Judges to District Courts "(t)he appellant shall serve and file his brief with the appellate clerk within 15 days after entry of the appeal on the docket pursuant to Rule 8."

Rule 8 of the same Rules mentioned above states that "(t)he record on appeal shall be transmitted by the bankruptcy clerk within 30 days after the filing of the statement of issues . . . and the appellate clerk shall thereupon enter the appeal on the docket." The present appeal was en-

tered on January 25, 1982, on the docket. Fifteen days later, appellant filed its brief. Therefore, the brief was timely filed, and the motion to dismiss is thereby denied.

Appellant, Dr. Edgar Stella, appeals an order of the Bankruptcy Court dated August 26, 1981, wherein the Court denied the motion filed by Dr. Stella for revision of actions of the Operating Receiver in regard to medical director's contract.

### 1. Factual Background

In July 1976, Dr. Edgar Stella entered into a five-year employment contract for the position of Medical Director with Hospital Nuestra Señora de la Guadalupe, Inc. The contract, in its fifth paragraph, states that it will be automatically renewed in all its terms when the term expires, except if the Board of Directors show just and reasonable cause not to do so.

A petition to reorganize itself was filed by debtor, Hospital Nuestra Señora de la Guadalupe, Inc., on June 19, 1979, under Chapter XI of the Bankruptcy Act, 11 U.S.C. 701 et seq. Debtor remained in possession as per the Bankruptcy Court's Order dated July 2, 1979, until June 2, 1980, when due to the continuance of the financial conditions of debtor and the violations to the conditions set forth in the July 2, 1979, Order the Bankruptcy Court granted the application made by the United States for the appointment of a receiver.[1] The Order dated June 2, 1980, appointing Ms. Gloria Campos Ayala as Operating Receiver, in addition to the general powers of a trustee and to the general power to operate, manage and control the business of the debtor, the Hospital, specifically authorized her "to comply and discharge and fix the compensation of all managers, agents and employees of debtor", and "to perform existing contracts of the debtor and to enter into and perform other contracts in the regular course of the conduct of the business".

On June 2, 1981, the Operating Receiver notified Dr. Stella by letter that his contract as Medical Director of Hospital Nues-

tra Señora de la Guadalupe would expire on June 20, 1981, and that it would not be renewed. However, the letter invited Dr. Stella to negotiate a new contract in accordance with the norms of austerity of the Bankruptcy Court. (Appellant's Exhibit 11). No agreement could be reached between Dr. Stella and the Operating Receiver for a new contract.

A hearing was held on July 28, 1981, in the Bankruptcy Court, as to Dr. Stella's motion for revision. U. S. Bankruptcy Judge W. H. Beckerleg resolved that the Operating Receiver's revision of the Medical Director's contract was within her administrative power and that the renewal or non-renewal of the same was an administrative function she was fully authorized to perform. Although the Bankruptcy Judge rejected the assumption that the employment contract was an executory contract, nevertheless he stated that the procedures to reject an executory contract pursuant to Section 313(1) of the Bankruptcy Act, and Bankruptcy Rule 11–53 have been accomplished by the hearing held on July 28, 1981.

Appellant, Dr. Stella, argues that the termination or revision of his contract must be done by the Board of Directors of the Hospital.

The First Circuit in *In Re Mammoth Mart, Inc.*, 536 F.2d 950 (1 Cir., 1976), states, at 954: "Under a Chapter XI arrangement, the debtor, as a juridical entity, ceases to operate the business. Control is transferred to a distinct legal entity, either a 'trustee' [or receiver] or a 'debtor-in-possession'", see 11 U.S.C. §§ 738, 742, who will run the business under the supervision of the Bankruptcy Court. To accomplish the rejuvenation of the financially troubled business, the debtor-in-possession (receiver or trustee) is free to terminate unprofitable activities or product lines, to reject burdensome executory contracts, see 11 U.S.C. § 713(1), and to take all steps necessary to solve the problems created by the debtor's operation of the business in the past. The operating receiver in this case is not the same entity as the pre-bankruptcy compa-

---

1. Findings of Fact of Bankruptcy Court dated June 2, 1980.

ny, the Hospital Guadalupe. A new entity is created with its own rights and duties subject to the supervision of the Bankruptcy Court. See *Shopmen's Local Union No. 455, etc. v. Kevin Steel Products, Inc.*, 519 F.2d 698 (2 Cir., 1975); *Local Joint Executive B. D., etc. v. Hotel Circle*, 613 F.2d 210 (9 Cir., 1980); *In Re American United Inns, Inc.*, Slip Op. January 16, 1980, U. S. Bankruptcy Court, Bankruptcy No. B 2 74–2265 (S.D.Ohio).

 Appellant further contends that the employment contract was an executory contract which was rejected without complying with Section 353, 11 U.S.C.A. 753, and with Rule 11–53. A contract is executory when something remains to be done by one or more of the parties. *In Re American Magnesium Co.*, 488 F.2d 147 (5 Cir., 1974). At the time the debtor was in possession and then the Receiver was appointed, the five-year employment contract had not expired. Therefore, something remained to be done before the contract was fully performed. Furthermore, even if the five-year term had expired, the contract contained a clause which automatically extended the contract on its due date unless the Board of Directors had just and reasonable cause for not so doing. The employment contract herein at issue was an executory contract. See, *e.g., In Re Greenpoint Metallic Bed Co.*, 113 F.2d 881 (2 Cir., 1940); *Matter of Unishops, Inc.*, 553 F.2d 305 (2 Cir., 1977); *Bohack Corp. v. Truck Drivers Local Union No. 807, etc.*, 431 F.Supp. 646 (E.D.N.Y., 1977); *In Re W. T. Grant Co.*, 474 F.Supp. 788 (S.D.N.Y., 1979).

Chapter IX, Rule 11–23, provides:

"The court may authorize the trustee, receiver, or debtor in possession to conduct the business and manage the property of the debtor for such time and on such conditions as may be in the best interest of the estate."

As to this Rule, Bankruptcy Judge D. J. Kelleher, in *In Re American United Inns, Inc., supra*, states:

"The permissive 'may' reflects the discretionary nature of the grant of jurisdiction conferred by Section 343 of Chapter XI of the Bankruptcy Act from which Rule 11–23 is derived. '[The] grant is obviously discretionary and, as a condition for the favorable exercise of the grant, the court may impose conditions and requirements.' 14 Collier on Bankruptcy (14th Ed.) 11–23–3. The number of employees and whether their salaries are to be fixed by the court or left to the judgment of the debtor in possession if granted authority to operate the enterprise are but two examples of matters which the court may regulate in the exercise of its discretion. Id."

 Bankruptcy Judge Beckerleg granted authority to Ms. Gloria Campos Ayala as Operating Receiver to continue the operation of the Hospital's business and in exercising his judicial discretion granted the Receiver limited authority "to employ and discharge and fix the compensation of all managers, agents and employees of Debtor." Under the authority given to the Receiver by Judge Beckerleg's Order, she deemed it necessary and advisable for the proper operation of the business not to renew or to reject the employment contract. She so notified Dr. Edgar Stella. However, a debtor in possession (a trustee or receiver) under Chapter XI may disaffirm or reject an executory agreement only in accordance with the statutory procedures. As stated in the leading treatise: " . . . Whether the debtor is in possession or whether there is a receiver or trustee, the contract can be rejected only by affirmative action under Section 313(1) and Chapter XI Rule 11–53 or Section 357(2). Unless so rejected, the contract continues in effect." 8 Collier on Bankruptcy 3.15(6) (14th Ed. rev. 1975). The Bankruptcy Court may permit the rejection of an executory contract of the debtor upon notice to the parties to such contracts and to such other parties in interest as the Court may designate. Section 313(1), Chapter XI, Rule 11–53 provides that rejection be by motion with notice of hearing to be given to the parties to the contract and to such other persons as the Court may direct. Although the Court is aware that the proper procedure was not

followed in the rejection of the employment contract of Dr. Edgar Stella, a hearing was held subsequent to the rejection of the contract where the parties in interest were present and where the Bankruptcy Court agreed with the action taken by the Operating Receiver and with the reasons for such action. Therefore, we conclude that it would be an exercise in futility and a waste of time to remand the case to the Bankruptcy Court for it to follow the procedure provided in Section 313(1) and Rule 11–53 when there has already been a hearing which serves the purpose of Section 313(1) and Rule 11–53.

WHEREFORE, in view of the above, the appeal is hereby DISMISSED.

IT IS SO ORDERED.