### In re PHONES FOR ALL, INC., et al., Debtors.

### Isaac Lasky, Appellant,

### v.

### Phones For All, Inc., et al., Appellees.

Bankruptcy No. 99–38080–SAF–11.
CIV. A. No. 3:00CV1679–G.

United States District Court,
N.D. Texas,
Dallas Division.

June 1, 2001.

### MEMORANDUM ORDER

FISH, District Judge.

This appeal from the bankruptcy court requires an answer to the following question—is an employee's claim for severance pay, based on a written employment agreement negotiated and performed pre-petition, entitled to priority as an administrative expense? The bankruptcy court held, in a closely-reasoned and meticulous opinion, that it was not. *In re Phones for All, Inc.*, 249 B.R. 426 (Bankr.N.D.Tex. 2000). For the reasons discussed below, the bankruptcy court's decision is affirmed.

### I. BACKGROUND

The debtor, Phones for All, Inc. ("Phones for All") and the claimant, Isaac Lasky ("Lasky"), entered into an employment agreement on June 25, 1999. Brief of Appellant, Isaac Lasky ("Lasky's Brief") at 6. That agreement, which took effect July 1, 1999, contained the severance pay provision that is at issue here. *Id.* Phones for All filed a voluntary Chapter 11 petition on November 18, 1999 and

since that date has operated its business as a debtor-in-possession. *Id.* at 5. Phones for All terminated Lasky's employment effective December 8, 1999. *Id.* at 7. On February 29, 2000, Lasky filed a motion seeking priority treatment—as an administrative expense—for his claim of $432,601.65 in severance pay plus attorney's fees. *Id.* at 5. Following briefing and oral argument, the bankruptcy court denied the motion. *Phones for All,* 249 B.R. at 431. This appeal resulted.

## II. *STANDARD OF REVIEW*

 In reviewing a decision of the bankruptcy court, this court functions as an appellate court and applies the standards of review generally applied in federal court appeals. See *Matter of Webb,* 954 F.2d 1102, 1103–04 (5th Cir.1992); *Matter of Coston,* 991 F.2d 257, 261 n. 3 (5th Cir.1993) (en banc) (citing *Matter of Hipp, Inc.,* 895 F.2d 1503, 1517 (5th Cir.1990)). Conclusions of law are reviewed *de novo. Matter of Herby's Foods, Inc.,* 2 F.3d 128, 131 (5th Cir.1993). Findings of fact, on the other hand, whether based on oral or documentary evidence, are not to be set aside unless clearly erroneous, and due regard must be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses. *See* Bankruptcy Rule 8013; see also *Herby's Foods, Inc.,* 2 F.3d at 130–31. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." *Matter of Missionary Baptist Foundation of America,* 712 F.2d 206, 209 (5th Cir.1983) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

## III. *ANALYSIS*

 This circuit has not yet decided what priority should be accorded employee severance claims in a bankruptcy. A number of other circuits, however, have examined this issue. See, *e.g., In re Public Ledger, Inc.,* 161 F.2d 762, 770–73 (3rd Cir.1947); *Straus–Duparquet, Inc. v. Local Union No. 3 International Brotherhood of Electrical Workers, A F of L,* 386 F.2d 649, 649–51 (2nd Cir.1967); *In re Mammoth Mart, Inc.,* 536 F.2d 950, 953–55 (1st Cir.1976); *In re Commercial Financial Services, Inc.,* 246 F.3d 1291, 1292–93 (10th Cir.2001). The minority view, followed only in the Second Circuit, is that severance claims are always entitled to priority status, as an administrative expense, on the ground that severance pay is "a form of compensation for the termination of the employment relation" and thus is "earned" when the employee is terminated. *Straus–Duparquet,* 386 F.2d at 651. The majority rule, however, is that the right to priority status for a severance claim is not automatic but depends instead on the structure of the severance pay agreement. See *Matter of Health Maintenance Foundation,* 680 F.2d 619, 620–21 (9th Cir.1982). When an agreement provides for severance in lieu of notice, the full claim for severance pay is accorded administrative priority, if the employee was terminated post-petition. See *Public Ledger,* 161 F.2d at 771–73. The rationale for this result is that the employee "earned" the payment when he was fired without notice. See *id.* When an agreement provides for severance based upon length of service, only that portion of the severance pay actually accruing post-petition is entitled to administrative priority. See *Mammoth Mart,* 536 F.2d at 955.

 Lasky avers that the employment agreement in this case provided for severance in lieu of notice and that, in consequence, he is entitled to administrative expense treatment for the full severance

amount. Lasky's Brief at 9. The employment agreement provides for severance as follows:

> In the event of Early Termination or Termination for Good Reason, Employee shall be entitled to Severance Pay commencing on the date of termination, and continuing for the remainder of the Term of Employment, or twelve (12) months, whichever is greater (the "Severance Period"), if Employee shall terminate his employment pursuant to the provisions of Section VII.D,* or if the Company shall terminate Employee's employment for reasons other than Cause, disability or death, the Company shall pay Employee Severance Pay for the Severance Period at the annual rate of Employee's Base Salary plus the prior semi-annual period's bonus, annualized, at the time of termination.

Employment Agreement, *located in* Appellant Isaac Lasky's Designation of Issues and Record on Appeal ("Record on Appeal") at 48.

Contrary to Lasky's contentions, the agreement does not provide for severance in lieu of notice. Rather, the agreement provides that severance is payable for (1) early termination or (2) good reason. The plain meaning of the language of the provision is that termination prior to the end of the term of employment—earlier defined as the period from the date of the agreement until April 1, 2002—would entitle Lasky to receive severance pay. See *id.* at 44. The second part of the severance provision affords a right to severance pay in the event of termination for "good reason." Although "good reason" is defined with respect to the employee, the agreement contains no such definition with respect to

Phones for All. See *id.* at 47. Even so, "good reason" evidently does not mean "with cause," since the agreement clearly states that Lasky would have no right to severance pay in the event of termination for cause. In neither instance does the agreement provide that severance is in lieu of notice. *Id.* at 47–48. In fact, the only notice provision in the agreement states that the company must provide five days notice for termination for cause. See *id.* at 46. There is no similar notice requirement for early termination or termination for good reason, and the court declines to read one into the agreement. See *id.* at 47–48.

 The court must next consider whether the severance pay provision of the instant employment agreement is based on length of service. If it is, then Lasky is entitled to that portion of severance accruing post-petition. See *Public Ledger,* 161 F.2d at 771–73; see also *Mammoth Mart,* 536 F.2d at 955. The severance provision in this case is not conditioned upon or calculated with reference to length of service. See *Public Ledger,* 161 F.2d at 773–74; *Mammoth Mart,* 536 F.2d at 953. Under the agreement, Lasky was entitled to receive severance upon early termination or for good cause, irrespective of his length of service. Agreement, Record on Appeal at 48. The amount of severance was not calculated with reference to length of service, but was based upon the prior year's salary and bonus. *Id.*

 Because the severance provision in the instant case is neither in lieu of notice, nor based upon length of service, the bankruptcy court was correct in analyzing Lasky's claim under the general

---

* Section VII, entitled Termination of Employment, contains subsections A, B, C and F. Agreement, Record on Appeal at 46–48. There is no subsection labeled D in the agreement, but it appears from the format of the agreement that the section entitled "Severance." was intended to be subsection D.

rules governing the granting of administrative expense priority to creditor claims. The purpose of granting administrative priority treatment to certain claims is "to encourage creditors to extend credit and supply debtors with goods and services post-petition in order to increase the likelihood that a successful reorganization will occur." *Commercial Financial Services*, 246 F.3d at 1293. Accordingly, an expense is entitled to administrative priority treatment only if (1) it results from a transaction between the claimant and the trustee of the bankruptcy estate or a debtor in possession; and (2) the benefit to the debtor, and hence the right to payment, accrues post-petition. *Id.* at 1294. "A debt is not entitled to priority simply because the right to payment arises after the debtor in possession has begun managing the estate." *Id.* (quoting *Isaac v. Temex Energy, Inc.*, 853 F.2d 1526, 1530 (10th Cir. 1988)).

Here, the severance provision of the employment agreement was not the result of a transaction between Phones for All as the debtor-in-possession and Lasky as the claimant. Rather, the transaction that resulted in this provision occurred entirely pre-petition. Lasky entered into the employment agreement containing the severance provision pre-petition. The bankruptcy court found that there was no evidence to suggest that Lasky was induced to continue working post-petition by a promise of severance pay. *Phones for All*, 249 B.R. at 430. Lasky has not shown this finding to be clearly erroneous. In fact, as the bankruptcy court noted, Lasky himself testified that he insisted upon the severance benefit as an original condition of his pre-petition contract. *Id.* Lasky has not addressed this prong of the analysis, but instead, citing Second Circuit precedent, contends that he earned the right to receive the promised severance pay when he was terminated. Lasky's Brief at 14. This argument is unavailing. As discussed above, it is not enough that the right to receive payment should accrue post-petition. Rather, the debtor-in-possession must receive a post-petition benefit from the transaction at issue in order for the payment to qualify as an administrative expense entitled to priority treatment. Lasky argues that Phones for All received a post-petition benefit when he continued in his position as president and chief executive officer. *Id.* at 16. In addition, Lasky maintains that Phones for All benefited post-petition by enforcing the employment agreement's covenant-not-to-compete provision following his termination. *Id.* at 17. Neither Lasky's post-petition work nor Phones for All's enforcement of the covenant-not-to-compete was the consideration for the claimed severance payments. See *Commercial Financial Services*, 246 F.3d at 1295–96. "Indeed, the consideration for the [severance pay] was the agreement by [Lasky], supplied pre-petition, that [he] would forego other employment opportunities and sign on with [Phones for All] as [an] employee[ ]." *Id.* at 1295. Accordingly, the court finds that Phones for All did not benefit post-petition from its pre-petition agreement to pay Lasky severance for early termination or termination for good reason.

## IV. CONCLUSION

The employment agreement between Phones for All and Lasky did not provide either for severance in lieu of notice or for severance based upon length of service. Furthermore, the severance provision did not result from a transaction between the Lasky and the debtor-in-possession, and any benefit to Phones for All from the provision did not accrue post-petition. Accordingly, Lasky's severance pay claim is not entitled to priority treatment as an

administrative expense. Because Lasky's request that his claim for severance be accorded such priority was properly denied, the decision of the bankruptcy court is **AFFIRMED.**

**SO ORDERED.**