30 F.3d 134
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re REVCO D.S., INC., et al., Debtor.
Victor BALLAS, Plaintiff-Appellant,
v.
REVCO D.S., INC., Defendant-Appellee.
 No. 93-3597.
 United States Court of Appeals, Sixth Circuit.
 July 18, 1994.
 
 Before: SUHRHEINRICH and BATCHELDER, Circuit Judges; RUBIN, District Judge.*
 PER CURIAM.
 
 
 1
 Victor Ballas appeals the district court order holding that Ballas was entitled to an unsecured claim under 11 U.S.C. Sec. 502(b)(6), not an administrative expense claim.
 
 
 2
 We AFFIRM.
 
 FACTS
 
 3
 On July 1, 1960, Revco as lessee and Ballas as lessor entered into a lease agreement for property located in Dallas, Texas. The parties renewed the lease and extended it in five-year increments by letter agreements dated September 1, 1980, February 20, 1985, and January 12, 1990.
 
 
 4
 The January 12, 1990 letter from Revco to Ballas reads in pertinent part:
 
 
 5
 This will confirm our agreement and understanding with regard to the Lease ... for premises ... and extended by Letter Agreement dated September 1, 1980 and February 20, 1985.
 
 
 6
 ....
 
 
 7
 1. TERM The term of the Lease which presently expires August 31, 1990 is hereby extended so that the Lease will continue in effect for a period of five (5) years commencing September 1, 1990 and ending at midnight August 31, 1995.
 
 
 8
 ....
 
 
 9
 5. RATIFICATION OF LEASE Except as otherwise herein modified, the Lease is ratified and confirmed in all respects and shall continue in full force and effect.
 
 
 10
 Ballas agreed to the terms of the letter.
 
 
 11
 Before the parties finalized this agreement, Revco and its subsidiaries filed for Chapter 11 bankruptcy relief. Revco continued operating its business as a debtor-in-possession. In mid-1990, Revco, in an effort to reorganize, divested its Texas operations. The future purchaser of the Texas stores did not want the lease; however, so Revco, pursuant to the court order of July 6, 1990, rejected the lease in August 1990.
 
 
 12
 On October 18, 1990, Ballas filed a proof of claim for $137,709.[1] Ballas asserted that his claim was entitled to administrative priority pursuant to 11 U.S.C. Sec. 503(b)(1)(A)[2] because the Letter was a postpetition lease executed by the debtor-in-possession in the ordinary course of business.
 
 
 13
 On July 16, 1991, Revco objected to the claim. Revco maintained that the January 1990 letter did not create a new postpetition lease and further that the bankruptcy court should reduce the claim in conformity with the lease rejection damage limitation found in 11 U.S.C. Sec. 502(b)(6).[3]
 
 
 14
 The bankruptcy court agreed and held that Ballas was entitled to a general unsecured claim in the amount of $27,541.80. The district court adopted the order of the bankruptcy court.
 
 ANALYSIS
 
 15
 The issue presented is whether the letter constitutes a postpetition lease executed in the ordinary course of business or an extension of the unexpired prepetition lease. If we find that Revco, as debtor-in-possession, assumed the unexpired lease prior to confirmation of the plan or entered into a new lease during reorganization proceedings, the "breach" gives rise to an administrative expense claim under Sec. 503(b).[4]
 
 
 16
 If, on the other hand, we find that Revco did not assume the lease prior to confirmation of its bankruptcy plan, the "rejection" by Revco is deemed to have occurred prepetition and Ballas has a prepetition claim under Sec. 502(g). This section requires the court to treat a claim arising from the rejection, pursuant to Sec. 365, of an unassumed, unexpired lease as if it arose before the date debtor filed its petition. 11 U.S.C. Sec. 502(g). These claims are unsecured.
 
 
 17
 To determine the proper categorization of this claim, we next examine the requirements of Sec. 365. Under Sec. 365, the trustee or debtor-in-possession must obtain court approval to "assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. Sec. 365(a). Here, the bankruptcy court entered an order extending the time within which Revco had to assume or reject unexpired leases until the time of confirmation of the plan. Thus, at the time the parties exchanged the Letter, Revco had neither assumed nor rejected the lease.
 
 
 18
 Section 365 does not apply to postpetition contracts or leases negotiated by the debtor-in-possession on behalf of the bankruptcy estate; otherwise, the court would have to become involved in decisions made in the ordinary course of business. In re IML Freight, Inc., 37 B.R. 556, 558-59 (Bankr.D.Utah 1984). Further, it would create a financial disincentive for creditors to deal with the debtor-in-possession because holders of administrative claims are paid in full, whereas holders of unsecured claims usually receive a smaller distribution.
 
 
 19
 Although interpretation of Sec. 365 is a matter of federal law, federal courts must look to state law in determining whether an agreement acts as a new lease or an extension of a preexisting one. See In re Mahoney, 153 B.R. 174, 176 (Bankr.E.D.Mich.1992). Under Ohio law, the exercise of an option to renew or extend a lease operates to continue the term of the original lease. Joseph Bros. v. F.W. Woolworth Co., 844 F.2d 369, 372 (6th Cir.1988). Thus, the bankruptcy court reasoned that a lease extension differs from a lease assumption, and although the Bankruptcy Code requires court approval for an assumption pursuant to 11 U.S.C. Sec. 365(a), that provision makes no mention of lease renewal or extension. Consequently, the bankruptcy court held that Revco was free to extend the lease without seeking court approval, provided Ballas never requested the court to order Revco to assume or reject the lease. See In re Revco D.S., Inc., 111 B.R. 626, 629 (Bankr.N.D.Ohio 1989) (holding "Debtor may exercise an option to renew an unexpired lease, without assuming" it, provided the lessor has not requested that the court order debtor to assume or reject the lease).
 
 
 20
 The bankruptcy court and the district court both concluded that the January 1990 letter extended the prepetition lease. In reaching this conclusion, the courts relied on the language of the letter: First, "the parties agreed to extend the term of the original Lease" (emphasis added); second, the Letter used the language "extended" and "continue"; and third, there is no language to indicate the parties intended to enter into a new lease agreement. Further, no lapse of time occurred between lease periods.
 
 
 21
 Certainly the parties are not required to use the phrase "option to renew" to have their transaction deemed an option to renew. The history of the parties, the series of renewals prior to the date of expiration of the lease, and the language of the letter support the lower court's conclusion that the parties exercised an option to renew. These factors fully support the district court's finding that the parties extended the lease. Further, Revco never used the property beyond the initial lease term. Finally, Ballas never moved to protect his right by demanding that Revco assume or reject the lease. He cannot rely on his inaction to create an inference that Revco never sought approval to assume the lease because it negotiated a new lease as debtor-in-possession.
 
 
 22
 Because we find that the postpetition letter agreement merely extended the unexpired prepetition lease rather than created a new, postpetition lease, we AFFIRM the district court's conclusion that Ballas holds an unsecured claim as limited by Sec. 502(b)(6).
 
 
 23
 (A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of--
 
 
 24
 (i) the date of the filing of the petition; and
 
 
 25
 (ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus
 
 
 26
 (B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates...."
 
 
 
 *
 The Honorable Carl B. Rubin, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 On September 25, 1990, Ballas arranged for a three-year lease agreement with another party. The lease was to take effect November 15, 1990, and reduced Ballas' claim against Revco to $43,509
 
 
 [2]
 Section 503 of the Bankruptcy Code provides for allowance of administrative expense and authorizes a request for payment of such expense
 
 
 [3]
 Section 502(b) provides that except as otherwise provided, if an objection to a claim is made, the court shall allow the claim "except to the extent that--
 ....
 (6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds--
 11 U.S.C. Sec. 502(b).
 
 
 [4]
 Under Sec. 365(g), automatic administrative expense treatment is given to assumed contracts because the court has scrutinized the contract. Under Sec. 503(b), a contract initially entered into during reorganization must be found by the court to be a "reasonable necessity." See GATX Leasing Corp. v. Airlift Int'l, (In re Airlift Int'l), 761 F.2d 1503 (11th Cir.1985)